# No. 04-70050

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ORLANDO CORDIA HALL,
*Defendant-Appellant*

U.S. COURT OF APPEALS
**F I L E D**

APR 1 2005

CHARLES R. FULBRUGE III
CLERK

**On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division**

**APPELLANT'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE BRIEF
IN SUPPORT OF CERTIFICATE OF APPEALABILITY**

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

Defendant-Appellant ORLANDO CORDIA HALL, by and through undersigned counsel, respectfully moves the Court to extend the time for filing his brief in support of a Certificate of Appealability (COA) in this federal death penalty proceeding for a period of sixty (60) days from the currently scheduled due date of April 19, 2005. No previous extension has been requested. The Government DOES NOT OPPOSE the relief requested. In support of which motion, Mr. Hall would respectfully show the

The Opposed / Unopposed
Motion *for ext. of time to*
*6/17/05 to file COA*
Is Granted In Part Denied

*BB 4/1/05*

1

Court as follows.

## I.

This is an appeal from the denial of relief under 28 U.S.C. § 2255. Mr. Hall was convicted and sentenced to death in the Northern District of Texas in 1995 for the 1994 kidnapping murder of Lisa Rene. *See generally* United States v. Hall, 152 F.3d 381 (5th Cir. 1998). His § 2255 motion was denied by the District Court on August 24, 2004. That Court denied COA on December 6, 2004. On March 20, 2005, this Court directed counsel to file Mr. Hall's brief in support of his application for COA on or before April 19, 2005.

## II.

In order to provide effective representation to Mr. Hall by preparing a minimally adequate brief in support of COA on his behalf, undersigned counsel requires additional time beyond the presently scheduled due date of April 19, 2005.

First, this case is unusually complex, even for a capital prosecution. The underlying trial involved five defendants, lasted nearly six weeks, and produced a record spanning 38 volumes. In addition to this voluminous record of testimony, the 2255 proceedings in District Court involve literally hundreds of pages of documentary exhibits relating to Mr. Hall's claim of ineffective assistance of counsel at the punishment phase, upon which his request for COA in this Court will focus. Counsel

face a challenging task in digesting, distilling, and streamlining that factual information so that this Court can assess its significance in relation to Mr. Hall's claim of ineffective assistance. Even if counsel had no competing obligations between now and the presently scheduled due date of April 19, this would be a very time-consuming brief to write.

### III.

Since this Court issued its briefing notice on March 10, counsel's previously existing obligations in other pending matters, as well as other professional obligations, have made it impossible to make substantial progress on the review and preparation necessary to meet an April 19 deadline.

Specifically, since March 10, Mr. Owen was required to prepare and file the following pleadings: a reply brief on appeal in the capital habeas case Tennard v. Dretke, No. 00-20915 (filed March 17, 2005); a petition for writ of *certiorari* in the United States Supreme Court in the capital habeas case Sterling v. Dretke, No. 04-9337 (filed March 19, 2005), and an opening brief on appeal in the capital direct appeal United States v. Fields, No. 04-50393 (filed March 28, 2005). Between now and the presently scheduled due date for Mr. Hall's brief (April 19), Mr. Owen is already obliged to be working on the following pleadings: a supplemental brief in the capital habeas case Cole v. Dretke, No. 01-10646 (due April 21, 2005), a reply in response to the brief in

3

opposition to *certiorari* in <u>Sterling</u>, *supra*, which must be filed as soon as practicable after April 22; a clemency application in <u>Sterling</u> (which must be filed with the Texas Board of Pardons and Paroles on or before May 4, 2005); a successive application for state post-conviction relief in <u>Sterling</u> (to be filed in May); and a reply brief in the capital habeas case <u>Mines v. Dretke</u>, No. 03-11097 (due approximately May 13, 2005).

In addition to his law practice, Mr. Owen is an Adjunct Professor at the University of Texas School of Law in Austin and his current teaching duties will place significant demands on his time in the next 60 days. Mr. Owen teaches two days a week and will be grading final exams after May 17. He is also committed to ride in a two-day 150-mile charity bicycle ride on April 16-17 to raise funds to fight multiple sclerosis, in support of which activity numerous friends and colleagues have already made financial pledges. The other significant demand on Mr. Owen's available time is that he is getting married on June 4, 2005, and will be traveling after the wedding (he and his wife-to-be are scheduled to be in Georgia the following weekend, June 11, and are leaving the country on June 15 for three weeks).

Since March 10, 2005, Ms. Widder was required to prepare and file the following pleadings and other documents: a lengthy (6-page) letter to the Assistant United States Attorney regarding outstanding issues in <u>United States v. Gilmore, *et al.*</u>, E.D.La. No. 03-CR-274 (sent March 11, 2005); a motion to suppress statements and

4

evidence in <u>Gilmore, supra</u> (filed March 17, 2005); a motion to vacate death sentence pursuant to <u>Roper v. Simmons,</u> to remand to trial court for imposition of a life sentence and to transfer the appeal to intermediate appellate court in the capital direct appeal, <u>State v. Wilson,</u> La. Sup. Ct. No. 03-1229 (filed March 18, 2005); a reply brief in another capital direct appeal, <u>State v. Juniors,</u> La. Sup. Ct. No. 03-2425 (filed March 22, 2005); a motion to continue hearings in <u>Gilmore, supra</u> (filed March 23, 2005); and a supplemental brief in <u>Legrand v. Louisiana,</u> U.S. Sup. Ct. No. 03-10261 (filed March 24, 2005).

Between now and the presently scheduled due date for Mr. Hall's brief (April 19), Ms. Widder is already obliged to be working on the following matters: preparing for and delivering oral argument before the Louisiana Supreme Court in <u>Juniors, supra,</u> on April 12, 2005, and filing an opening brief on the merits in this Court in <u>Hall v. Cain,</u> No. 04-30520 on April 18, 2005. In addition, Ms. Widder is scheduled to start a four-week trial in <u>Gilmore</u>, *supra*, on May 4, 2005, and must complete review of the approximately 3500-page trial record in the capital direct appeal of <u>State v. Leger,</u> La. Sup. Ct. 05-0011, so that a timely motion to supplement the record may be filed in advance of the current due date for the direct appeal brief of June 15, 2005.

For all these reasons, an extension of sixty days beyond April 19 is necessary to ensure that Mr. Owen and Ms. Widder will have sufficient time to prepare an adequate

brief in support of COA in addition to accommodating the other personal and professional obligations described above.

## V.

Undersigned counsel today contacted Asst. U.S. Attorney Delonia Watson, counsel for the Government, who stated that the Government does not oppose the relief requested in this Motion.

## CONCLUSION

The present proceeding under 28 U.S.C. 2255 represents the first and only opportunity for this Court to review the question whether Mr. Hall received at trial the effective assistance of counsel guaranteed by the Sixth Amendment, as well as other issues implicating the fundamental fairness of his trial that could not have been raised on direct appeal. As such, it constitutes a vital safeguard to ensure that the most severe punishment will not be imposed unless the defendant's rights were competently protected. Because of the factual and legal complexity of this case, counsel's obligations to this and other courts in pending matters, and the constitutional demand for "heightened reliability" in capital cases, *see generally* Gardner v. Florida, 430 U.S. 439 (1977), it is urgently necessary that the Court make provision for additional time for undersigned counsel to review the record and prepare Mr. Hall's brief in support of COA.

Undersigned counsel are aware that the extension of time requested in this Motion is substantial. However, in the circumstances of this case, counsel believe the request is reasonable because it is the minimum extension that will protect Mr. Hall's rights.

For all the foregoing reasons, counsel respectfully request that the Court grant an extension of sixty (60) days for Mr. Hall to file his brief in support of COA. As noted, the Government does not oppose this extension.

Respectfully submitted,

ROBERT C. OWEN
Texas Bar No. 15371950
Owen & Rountree, L.L.P.
P.O. Box 40428
Austin, Texas 78704
(512) 804-2661
(512) 804-2685 FAX

MARCIA A. WIDDER
636 Baronne St.
New Orleans, LA 70113
(504)-529-5955
(504)-558-0378

ATTORNEYS FOR
ORLANDO CORDIA HALL,
DEFENDANT-APPELLANT

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing motion upon

counsel for the Government by placing the same into the United States Mail, first-class

postage prepaid, addressed to:

Office of the United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas, 76102

on this _31ˢᵗ_ day of _March_, 2005.

Robert C. Owen