# No. 04-70050

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA,**
*Respondent-Appellee,*

v.

**ORLANDO CORDIA HALL,**
*Petitioner-Appellant*

U.S. COURT OF APPEALS
**F I L E D**
NOV 2 2 2005
CHARLES R. FULBRUGE III
CLERK

**On Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division**

## PETITIONER-APPELLANT'S <u>UNOPPOSED</u> MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF CERTIFICATE OF APPEALABILITY ON OR BEFORE JANUARY 17, 2006

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

Petitioner-Appellant ORLANDO CORDIA HALL ("Mr. Hall"), by and through undersigned counsel, respectfully moves the Court to grant him leave to file, on or before January 17, 2006, a reply in support of a Certificate of Appealability (COA) in this death penalty case.

The Government **DOES NOT OPPOSE** the relief requested.

In support of which motion, Mr. Hall would respectfully show the Court as

follows.

## I.

This appeal was docketed on November 16, 2004. Mr. Hall filed his COA application and supporting brief on July 18, 2005. The Government filed its opposition to COA on or about November 10, 2005. There is no execution date pending in this matter.

## II.

This is an appeal from the denial of an initial motion to vacate or set aside sentence under 28 U.S.C. § 2255, filed by an indigent death-sentenced prisoner. For reasons set forth in greater detail in Mr. Hall's opening brief in support of COA, this case presents substantial claims that Mr. Hall's constitutional rights were violated at his 1995 trial and sentencing hearing.

More important for present purposes, since Mr. Hall filed his opening brief in support of COA in mid-July, there have been important legal developments relevant to the issues raised in that brief, including but not limited to the following decisions: *Alexander v. Dretke*, 2005 WL 2822417 (5th Cir., October 27, 2005) (unpublished) (granting COA on claim of ineffective assistance of counsel where counsel failed to present "additional evidence of Alexander's background" even though counsel concededly "conducted considerable investigation designed to discover mitigating

2

evidence and produced substantial evidence during the punishment phase"); *Earp v. Stokes*, 423 F.3d 1024 (9th Cir., September 8, 2005) (addressing why district court abused its discretion in denying evidentiary hearing on claim of ineffective assistance of counsel based on counsel's failure to investigate potential mitigating evidence); *Marshall v. Cathel*, ___ F.3d ___, 2005 WL 2861987 (3rd Cir., November 2, 2005) (finding counsel ineffective for failing to conduct timely and comprehensive investigation into available mitigating evidence); *Harries v. Bell*, 417 F.3d 631 (6th Cir., July 28, 2005) (finding counsel ineffective for failing to conduct timely and comprehensive investigation into available mitigating evidence). Thus, it is appropriate to grant Mr. Hall leave to file a reply to address the significance of these cases for the issues before the Court, as well as to respond to the arguments made in the Government's opposition to COA.

Habeas corpus review remains a vital safeguard to ensure that the most severe punishment will not be imposed unless the defendant's rights were protected at trial. Because of the factual and legal complexity of this case and the constitutional demand for "heightened reliability" in capital cases, *see generally Gardner v. Florida*, 430 U.S. 439 (1977), we respectfully request that the Court grant leave to file a reply in support of COA. As noted, counsel for the Government does not oppose the filing of a reply.

3

## III.

Undersigned counsel respectfully request that the Court grant until January 17, 2006, to file Mr. Hall's reply in support of COA, for the reasons set forth below.

Undersigned counsel Robert C. Owen's existing obligations in other pending matters and connected to his teaching position at the University of Texas will make it impossible to complete the reply brief before January 17. Between now and that date, Mr. Owen must file on or before December 12 a reply brief in the federal death penalty direct appeal *United States v. Fields*, No. 04-50393 (5th Cir., pending). Also, Mr. Owen must file both a post-hearing brief (due December 31) and a post-hearing reply brief (due January 10) in the pending capital habeas case of *Skinner v. Dretke*, No. 2:99-CV-0045 (N.D. Tex., Amarillo). In addition to his law practice, undersigned counsel Mr. Owen teaches law school and college undergraduate courses which place additional significant demands on his time; during December, he will be required to grade his undergraduates' final papers as well as determining their final grades for the course.

Undersigned counsel Marcia Widder must file briefs in two capital cases in the Louisiana Supreme Court on November 28, 2005: *State v. Leger*, No. 05-KA-0011, and *State v. Snyder*, No. 98-KA-1078. She must file a brief on December 1, 2005, in the Louisiana Court of Appeal for the Second Circuit in the non-capital first degree murder

4

case of *State v. Wilson*, No. 40,767-KA.[1] Ms. Widder, now Litigation Director of the Capital Appeals Project, also has a full caseload of capital cases, as well as administrative duties in conjunction with her position. In addition to *Leger* and *Snyder*, Ms. Widder is appointed in the following Louisiana capital cases: *State v. Lee*, 05-KA-2098 (currently pending on direct appeal); *State v. Weary*, 03-3067 (currently awaiting date for oral argument in Louisiana Supreme Court); *State v. Juniors*, 03-KA-2325 (currently pending on rehearing). In addition to Mr. Hall's case, Ms. Widder is also appointed counsel in another appeal pending in this Court (*Hall v. Cain*, No. 04-30520, a non-capital appeal in proceedings brought pursuant to 28 U.S.C. § 2254).

It should also be noted that Ms. Widder was forced to evacuate from the City of New Orleans on August 28, 2005, the day before Katrina struck. She took a few necessities and her two dogs and two cats. She remained in Alexandria, Louisiana, from that date until September 30, 2005, when she was permitted to return to New Orleans. Although circumstances have improved in the City of New Orleans since counsel's return, life continues to be far more difficult and routine tasks take far longer than normal. For a month, counsel was the only member of her office who had returned to the city. Some members of her office have since returned, but the existing

---

[1] Ms. Widder has requested an additional 30 days, i.e. until December 31, 2005, to file her brief in *Wilson*, but that motion has not yet been ruled upon.

infrastructure of the office cannot support the presence of more than a few people working there. The office is simply not fully functional. A portion of the building sustained substantial damage from the storm and threatens collapse from the weight of water trapped in a portion of the roof. Internet access through the building's server is not currently functioning. Mail service remains disrupted. Routine tasks take far longer than normal under present conditions.[2]

In light of counsel's work schedule, the unusual circumstances under which Ms. Widder is being forced to practice law, and the numerous and substantial legal issues presented in this case, undersigned counsel respectfully request until January 17 to prepare and file Mr. Hall's reply in support of COA.

---

[2] Nor is New Orleans itself yet fully functional. Until recently, undersigned counsel's neighborhood remained under a mandatory curfew from 8:00 p.m. until 8:00 a.m. Counsel's home continues to be subject to frequent power outages, which last anywhere from a few hours to more than a day. For the foreseeable future, routine tasks associated with normal living (e.g., buying groceries or gasoline) will take much more time than under normal conditions, as few grocery stores or gas stations are open in the city (particularly in the downtown section where counsel resides) and those that are open conduct business during shortened hours. Accordingly, such chores must be done miles away and during daytime hours.

## CONCLUSION

For the reasons stated above, Petitioner-Appellant ORLANDO CORDIA HALL

respectfully requests that this court grant him leave to file a reply brief in support of

COA on or before January 17, 2005, or grant such other relief as justice requires.

Respectfully submitted this 21st day of November, 2005.

ROBERT C. OWEN
Texas Bar No. 15371950
Law Offices of Owen & Rountree, L.L.P.
P.O. Box 40428
Austin, Texas 78704
(512) 804-2661
(512) 804-2685 FAX

MARCIA A. WIDDER
Capital Appeals Project
636 Baronne St.
New Orleans, Louisiana 70113
(504) 529-5955

Counsel for Orlando Cordia Hall

# CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing motion upon

counsel for the Government by placing the same into the United States Mail, first-class

postage prepaid, addressed to:

Delonia A. Watson
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry St., Unit #4
Fort Worth, Texas 76102-6882

on this 21st day of November, 2005.

Robert C. Owen