No. 04-70050

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE ORLANDO CORDIA HALL
Movant.

CAPITAL CASE

APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611
312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202
marcy.widder@garesource.org

**NAOMI A. IGRA**  (*admission pending*)
California Bar No. 269065
Sidley Austin, LLP
555 California Street, Suite 2000
San Francisco, CA 94104
415-772-1200
415-772-7400 (fax)
naomi.igra@sidley.com

# CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. <u>APPELLANT</u>:  Orlando Cordia Hall

2. <u>APPELLANT'S ATTORNEYS</u>:  Robert C. Owen, Bluhm Legal Clinic, Northwestern Pritzker School of Law, 375 East Chicago Ave., Chicago, Illinois; Marcia A. Widder, 303 Elizabeth Street, NE, Atlanta, GA 30307

3. <u>APPELLANT'S PRO BONO ATTORNEY</u>:  Naomi A. Igra, Sidley Austin LLP, 555 California Street, Suite 2000, San Francisco, CA 94104

4. <u>APPELLEE</u>:  United States of America

5. <u>APPELLEE'S ATTORNEYS</u>:  Wes Hendrix, Assistant United States Attorney; wes.hendrix@usdoj.gov

/s/  Robert C. Owen

**ROBERT C. OWEN**

Pursuant to 28 U.S.C. § 2244(b)(3), Orlando Cordia Hall, through counsel, respectfully asks this Court to authorize filing of the attached successive motion under 28 U.S.C. § 2255(h)(2).[1] Mr. Hall was convicted of using or carrying a firearm during and in relation to a "crime of violence,"—specifically, kidnapping or conspiracy to commit kidnapping—in violation of 18 U.S.C. § 924(c). He was subsequently sentenced to death. Under *Johnson v. United States*, 135 S. Ct. 2551 (2015), however, it is now plain that neither kidnapping nor conspiracy to commit kidnapping qualifies as a categorical "crime of violence" under § 924(c). As a result, Mr. Hall's § 924(c) conviction cannot stand and, accordingly, he must be resentenced on all counts for reasons explained below and in the motion attached hereto. Mr. Hall makes this request so that he may immediately challenge his § 924(c) conviction under *Johnson*, and seek resentencing on all counts.

A successive motion is warranted because the instant claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. From *Johnson,* it follows that the nearly identical residual clause of 18 U.S.C. §

---

[1] Pursuant to Fifth Circuit Rule of Appellate procedure 27.4, Mr. Hall advises the Court that 28 U.S.C. 2244(b)(3)(D) provides that "[a] court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."

924(c)(3)(B), one of two clauses which defines the "crime of violence" element for purposes of a § 924(c) offense, also is unconstitutionally vague. Because after *Johnson* neither kidnapping nor conspiracy to commit kidnapping qualifies as a categorical crime of violence under the "force" or "elements" clause—the other clause defining "crimes of violence" for purposes of a § 924(c) offense— Mr. Hall's § 924(c) conviction is invalid as a matter of law. In *Welch v. United States,* 136 S. Ct. 1265 (2016), the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review such as Mr. Hall's. Mr. Hall has timely filed this application and the attached § 2255 motion within one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015.

As explained below, Mr. Hall can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application.

**INTRODUCTION**

On October 31, 1995, Mr. Hall was convicted of one count of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 6).

The indictment specifically charged Count 6 as the use and carrying of "firearms, during and in relation to a crime of violence, namely kidnapping in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." *See* District Court Dkt. #15. But after *Johnson*, neither predicate offense—*i.e.*, kidnapping or conspiracy to commit kidnapping—qualifies as a categorical "crime of violence" within the meaning of § 924(c).

As explained in detail in Part IA of Mr. Hall's proposed § 2255 motion, the relevant portion of § 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second, § 924(c)(3)(B), is commonly referred to as the "residual" clause. It applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The § 924(c) residual clause suffers from the same imprecision as the residual clause of the ACCA that the Supreme Court struck down as unconstitutionally vague in *Johnson*. *See Johnson,* 135 S. Ct. at 2557. It is also identical to the "crime of violence" provision in 18 U.S.C § 16(b) that the Ninth

Circuit, and the Seventh Circuit have already found invalid after *Johnson*.[2] *United States v. Vivas-Ceja,* 808 F.3d 719 (7th Cir. 2015); *Dimayo v. Lynch,* 803 F.3d 1110 (9th Cir. 2015). For that reason, multiple district courts have concluded that § 924(c)'s residual clause is also void for vagueness after *Johnson. See United States v. Lattanaphom,* No. 99-04433 WBS, 2016 WL 393545 (E.D. Cal. Feb. 1, 2016); *United States v. Bell*, No. 15-cr-00258 WHO, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016); *United States v. Edmundson,* No. PWG-13-15, 2015 WL 9311983 (D. Md. Dec. 30, 2015). These cases compel the same result in Mr. Hall's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

Without the residual clause, Mr. Hall's conviction under § 924(c) cannot stand. As explained in detail in Part IIB of Mr. Hall's successive § 2255 motion, neither kidnapping nor conspiracy to commit kidnapping under 18 U.S.C. § 1201 categorically qualifies as a "crime of violence" under the "force" or "elements" clause. This is because under 18 U.S.C. § 1201 a person may accomplish kidnapping without force, for example, by "inveigl[ing]" or "decoy." 18 U.S.C. § 1201(a). Kidnapping and conspiracy to kidnap, therefore, do not have as an element the use, attempted use, or threatened use of violent physical force.

---

[2] A panel of this Court reached the same conclusion in *United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016), which will be reheard *en banc. See United States v. Gonzalez-Longoria*, 815 F.3d 189 (5th Cir. 2016).

Because the predicate offenses of kidnapping and conspiracy to commit kidnapping under § 1201 may be accomplished without the intentional use, attempted use, or threatened use of violent physical force, they categorically fail to qualify as "crimes of violence," and Mr. Hall's conviction under § 924(c) must fall.

As explained in detail in Section III of the motion attached hereto, because the conviction on Count 6 is unconstitutional, Mr. Hall must be resentenced on the remaining counts, including Count 1 on which he was sentenced to death. As an initial matter, given the unparalleled need for reliability in capital sentencing, allowing Mr. Hall's death sentence on Count 1 to stand despite the jury's exposure to, and likely consideration of, the invalid count would violate the Eighth Amendment. *See Johnson v. Mississippi,* 486 U.S. 578 (1988). As an initial matter, given the unparalleled need for reliability in capital sentencing, allowing Mr. Hall's death sentence on Count 1 to stand despite the jury's exposure to, and likely consideration of, the invalid count would violate the Eighth Amendment. *See Johnson v. Mississippi,* 486 U.S. 578 (1988). Under the Eighth Amendment, a death sentence may not stand if it was based in part on an invalid conviction. *See id.* In *Johnson*, the court struck down a death sentence that rested in part on a conviction invalidated after the death sentence was imposed, even though other valid aggravating factors supported the death penalty. *See id.* As the Court

explained, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Id.* at 584 (citations and internal quotations omitted).

Moreover, Mr. Hall's convictions on Count 1 and 6 are intertwined because his conviction on Count 6 was characterized as "in relation" to kidnapping.[3] Further, courts have long recognized that the impact of one count of conviction on another is not always apparent in the ultimate sentence. *See Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir. 1976). Therefore, at a minimum, there is an unacceptable risk that a relationship between the valid and invalid counts may have influenced the ultimate sentence on Count 1. For these reasons, the Eighth Amendment requires this Court to authorize further proceedings on Mr. Hall's *Johnson* claim and allow the District Court an opportunity to consider fully the question of how the invalid Count 6 conviction may have influenced Mr. Hall's sentence on other counts.

Because § 924(c)'s residual clause is unconstitutional, Mr. Hall's § 924(c)

_____

[3] The district court, in fact, instructed the jury at the culpability phase that "to find the defendant guilty of Title 18, United States Code, Section 924(c)(1), you must be convinced that the government has proven . . . [t]hat the defendant committed the crime of interstate kidnapping as alleged in Count 1 of the indictment" and that he "knowingly used or carried a firearm during and in relation to the defendant's commission of the crime of interstate kidnapping." Vol. 17:25.

conviction and his death sentence (1) violate due process and the Eighth Amendment; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction. However, because Mr. Hall previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, he may not pursue relief in the district court based upon his *Johnson* claim unless this Court authorizes him to do so.

Mr. Hall urges this Court to authorize him to file the attached successive § 2255 motion asserting a *Johnson* claim. Such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3)(c) (emphasis added). After *Welch,* issued on April 18, 2016, there can be no dispute that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. Therefore, Mr. Hall has made the required *prima facie* showing that he should be authorized to pursue a successive § 2255 motion.

## PROCEDURAL HISTORY

### A.     Conviction and Sentencing.

On October 31, 1995, a jury in the Northern District of Texas convicted Mr.

Hall on one count each of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and relation to a crime of violence, namely kidnapping and conspiracy to commit kidnapping, in violation of 18 U.S.C. § 924(c) (Count 6). *See* District Court Dkt. #15, #446. He was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6. District Court Dkt. #593.

## B. Direct Appeal.

Mr. Hall timely appealed. This Court affirmed, and the Supreme Court denied review. *United States v. Hall*, 152 F. 3d 381 (5th Cir. 1998), *cert. denied,* 526 U.S. 1117 (1999).

## C. Previous § 2255 Motion.

Following the denial of certiorari on direct appeal, Mr. Hall timely sought collateral relief under 28 U.S.C. § 2255. The district court denied relief and refused a Certificate of Appealability. *Hall v. United States*, No. 4:00-CV-422-Y, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004). This Court affirmed, and the Supreme Court denied review. *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), cert. denied, 549 U.S. 1343 (2007).

**D.** *Johnson v. United States*.

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551, overruling *Sykes v. United States,* 131 S. Ct. 2267 (2011), and *James v. United States,* 550 U.S. 192 (2007), and holding that the ACCA's residual clause is too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment. As the *Johnson* Court explained, "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2557.

**E.** *Welch v. United States.*

After *Johnson* was decided, numerous federal prisoners sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under statutes containing materially indistinguishable residual clauses, such as 18 U.S.C. § 924(c). This led to conflict over whether *Johnson* had announced a new substantive rule that would apply retroactively. On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265.

After *Johnson* and *Welch,* Mr. Hall's § 924(c) conviction cannot be sustained, for the reasons stated in detail in his attached § 2255 motion. Mr. Hall now requests authorization from this Court to file a successive § 2255 motion.

## LEGAL STANDARDS

**Mr. Hall's Petition For Permission To File A Successive Motion In The District Court Under § 2255 Should Be Granted Because His Petition Depends On *Johnson*, And *Johnson* Announced A New Constitutional Rule Which Has Been Held To Be Retroactive By The Supreme Court.**

> **A. *Johnson* Announced A New Constitutional Rule Which Has Been Held To Be Retroactive By The Supreme Court and thus Mr. Hall Can Make A Sufficient Showing Of Possible Merit To Warrant Fuller Exploration By The District Court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a federal prisoner to seek leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner need only make a *prima facie* showing that the motion to be filed is based on (1) a previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662 (2001).

This Court has specified that, "*a prima facie* showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 806 F.3d 322, 324 (5th Cir. 2015) (citations and quotations omitted), To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. *See In re Wilson*, 442 F.3d 872, 878 (5th Cir.

12

2006).  Rather, this standard only relates to the possibility that the gatekeeping

requirements for the filing of a second or successive petition under § 2255(h)(2)

will be satisfied.  *Id.*  ("Contrary to the State's assertion, the state court findings

concerning the *Atkins* claim are wholly irrelevant to our inquiry as to whether

Wilson has made a prima facie showing of entitlement to proceed with his federal

habeas application, which is an inquiry distinct from the burden that Wilson must

bear in proving his claim in the district court.").  In other words, an applicant need

only make a *prima facie* showing that the § 2255(h)(2) standard is met, not a *prima*

*facie* showing that his claim has merit.  Mr. Hall can make the required showing

and leave should be granted.

### 1. *Johnson* announced a new rule of constitutional law that was previously unavailable.

The Supreme Court's decision in *Johnson* announced a new rule.  A case

announces a new rule if its result was not "dictated by precedent existing at the

time the defendant's conviction became final." *Chaidez v. United States,* 133 S. Ct.

1103, 1107 (2013) (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)).  In

*Johnson,* the Supreme Court expressly overruled its prior decisions in *Sykes* and

*James,* which had held that ACCA's residual clause was not void for vagueness.

*See Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are

overruled.").  As the Supreme Court has made clear, "[t]he explicit overruling of

an earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S.

13

406, 416 (2007) (citation omitted).  Further, in *Welch*, the Supreme Court called it "undisputed" that *Johnson* had "announced a new rule." *Welch,* 136 S. Ct. at 1264. *Welch* also made clear that *Johnson* announced a rule of "constitutional law," which had been previously unavailable to petitioners such as Mr. Hall.  *See id.*

### 2. *Johnson* Is Retroactive To Cases On Collateral Review.

*Welch* also answered the final question this Court must consider before authorizing Mr. Hall to file his successive § 2255 motion—*i.e.*, whether *Johnson* is retroactive to cases on collateral review.  In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence.  *Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause."  136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U.S. 715, 724 (1971)).  As such, the Court held, "*Johnson* is thus a substantive decision and has retroactive effect under *Teague* in cases on collateral review."  *Id*.

For these reasons, Mr. Hall has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."  *See In re Williams*, 806 F.3d at 324.

**B. Mr. Hall's Petition Depends on *Johnson***

As explained above and in great detail in the attached motion, after *Johnson* and *Welch,* Mr. Hall's conviction for using or carrying a firearm during and in relation to a "crime of violence" is void because the predicate offenses of kidnapping and conspiracy to commit kidnapping do not, as a matter of law, qualify as crimes of violence within the meaning of § 924(c).  This is so because Johnson not only narrowed the scope of the ACCA's residual clause, it also narrowed the scope of 18 U.S.C. § 924(c).  Thus, Mr. Hall now stands convicted of an act that the law does not make criminal.  *See Freeman v. United States,* No. 15-3687, 2016 U.S. App. LEXIS 9121 (2d Cir. Jan. 26, 2016) (granting a motion to authorize a successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction); *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016) (same).

Moreover, as explained above and in great detail in Part III of Mr. Hall's proposed § 2255 motion, because the Count 6 conviction is unconstitutional, Mr. Hall must also be resentenced on each of the remaining counts.  No other result would reflect due regard for what the Supreme Court has called "the special seriousness of the risk of improper sentencing in a capital case." *Turner v. Murray*, 476 U.S. 28, 37 (1986).

## CONCLUSION

Because Mr. Hall has presented a *prima facie* showing of a tenable claim

that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file in the United States District Court for the Northern District of Texas the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202
marcy.widder@garesource.org

**CERTIFICATE REGARDING EFFORTS TO
CONFERENCE MOTION**

On May 24, 2016, I spoke with Assistant United States Attorney Leigha

Simonton concerning the foregoing Motion.  Ms. Simonton stated that pending its

review of the pleadings, the government takes no position on Mr. Hall's request for

authorization.

/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, the foregoing Application for

Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was sent to the

Clerk of the United States Court of Appeals for the Fifth Circuit by Federal

Express.  I further certify that on the same date, the foregoing Application was

served on the following by electronic mail:


Wes Hendrix,
Assistant United States Attorney
wes.hendrix@usdoj.gov


/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu